# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BRIAN WEGMAN; and THOMAS
HORROM,

    Plaintiffs,

v.                                        Case No. 6:23-cv-1637-RBD-RMN

UNITED STATES SPECIALITY [sic]
SPORTS ASSOCIATION, INC.;
DONALD DEDONATIS III;
RICHARD FORTUNA; WENDY
ANDERSON; COURTNEY CEO; and
JACOB HORNBACHER,

    Defendants.
_____

## ORDER

On *sua sponte* review, Plaintiffs' Complaint (Doc. 5)[1] is due to be dismissed as a shotgun pleading.

"The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d

---

[1] Plaintiffs originally filed a Complaint (Doc. 2) and then filed a second Complaint (Doc. 5) two days later to correct the cover sheet (Doc. 5-2). The second pleading (Doc. 5) is only a duplicate, not a First Amended Complaint. To avoid confusion, the Court treats the second Complaint (Doc. 5) as the operative pleading and strikes the original now-replaced version (Doc. 2).

1293, 1295 (11th Cir. 2002). So courts are faced with the onerous task of "sift[ing] out the irrelevancies" to determine which facts are relevant to each claim. *See id.* Shotgun pleadings are "altogether unacceptable," and plaintiffs must replead. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997).

Here, Counts II–XIII of the Complaint incorporate all of the foregoing allegations, including the previous counts. (Doc. 2, ¶¶ 157, 162, 169, 177, 185, 193, 202, 208, 215, 222, 229, 237.) So the Complaint is an impermissible shotgun pleading and must be dismissed. Plaintiffs' amended complaint should clearly delineate which factual allegations are relevant to each claim.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' operative Complaint (Doc. 5) is **DISMISSED WITHOUT PREJUDICE**.

2. By **Thursday, September 21, 2023**, Plaintiffs may file a first amended complaint correcting the deficiency identified in this Order. Failure to timely file will result in this action being closed without further notice.

3. The original, now-replaced Complaint (Doc. 2) is **STRICKEN**. The Clerk is **DIRECTED** to remove it from the docket.

4. The Clerk is further **DIRECTED** to correct the scrivener's error in the name of Defendant United States Specialty Sports Association, Inc. on

the docket.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 7, 2023.

ROY B. DALTON, JR.
United States District Judge