# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**BRIAN WEGMAN, and**
**THOMAS HORROM,**

      **Plaintiffs,**

**v.**                    **Case No: 6:23-cv-1637-RBD-RMN**

**THE UNITED STATES SPECIALITY**
**SPORTS ASSOCIATION, INC.,**
**DONALD DEDONATIS, III,**
**RICHARD FORTUNA,**
**WENDY ANDERSON,**
**COURTNEY CEO, and**
**JACOB HORNBACHER,**

**Defendants.**

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW Defendants DONALD DEDONATIS, III and JACOB

HORNBACHER, by counsel, pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6), with this Motion to dismiss Plaintiffs' Amended Complaint.

Plaintiffs' RICO claim, upon which this Court's subject matter jurisdiction solely

relies, is fatally flawed in that there is no lawful predicate act alleged to support

the RICO claim, while all other counts also suffer from similar defects, requiring

dismissal of this case. In further support, Messrs. DeDonatis and Hornbacher

state as follows:

# I.      Summary of Argument

The Amended Complaint (Doc. 19) suffers from the same deficiencies as Plaintiffs' Complaint (Doc. 5).  Plaintiffs' Amended Complaint is still a confusing shotgun pleading, violating the requirement Fed. R. Civ. Pro. 8 of "a short and plain statement of the claim." *Doscher v. Holding*, 2023 WL 6060559 *2 (11th Cir. 2023), *citing, Jackson v. Bank of Am*., N.A., 898 F.3d 1348, 1356 (11th Cir. 2018)("Lengthy complaints that incorporate dozens of paragraphs of allegations into each count are neither short nor plain.").

Further, dismissal of Plaintiffs' Amended Complaint is proper for the following reasons:

1.      Plaintiffs' RICO claims, Counts 1 and 2, fail because Plaintiffs' claims are predicated on an alleged wrongful employment termination. Under the facts alleged in the Amended Complaint, this is insufficient to support the requisite direct injury or damage caused to Plaintiffs related to the alleged tortious activity. *Beck v. Prupis*, 529 U.S. 494, 507 (2000)(holding a person may not bring suit under 18 United States Code § 1964(c) predicated on a violation of 28 U.S.C. § 1962 for injuries caused by an overt act *not* an act of racketeering or otherwise unlawful under the statute.).

2.      Further, dismissal of the RICO counts deprives this Court of subject matter jurisdiction, which is predicated upon 28 U.S.C. § 1331, flowing from these two counts only.  Because this case is at such an early stage, there would be no reasonable grounds for this Court to continue with supplemental jurisdiction

alone, pursuant to 28 U.S.C. § 1367(c)(3), requiring this Court to dismiss this case for lack of subject matter jurisdiction.

3.      In the alternative, Plaintiff Wegman's claims for breach of contract, Count 3, and breach of covenant of good faith and fair dealing, Count 4, fail with respect to Messrs. DeDonatis and Hornbacher because Wegman's employment contract was with United States Specialty Sports Association, Inc. ("USSSA"), not Messrs. DeDonatis and Hornbacher.  *Halmos v. Spinard*, 2023 WL 2975020 *7 (S.D. Fla. 2023); *Morgan Stanley DW Inc. v. Halliday*, 873 So.2d 400, 403 (Fla. 4th DCA 2004)("[u]nless a person is a party to a contract, that person may not sue – or, for that matter, be sued – for breach of contract").

4.      Plaintiff Horrom's claims for breach of oral contract, Count 5, breach of implied in fact contract, Count 6, and breach of covenant of good faith and fair dealing, Count 7, fail because Plaintiff has failed to allege an existence of an oral or implied in fact contract between himself and Mr. DeDonatis.  *Assucrazioni Generali SPA v. Agility Logistics Corp.*, 2009 WL 4421262 *1, *5 (S.D. Fla. 2009).

5.      Plaintiffs' claims for violation of Florida Private Whistleblower Act, Count 11 and Count 12, fail with respect to Messrs. DeDonatis and Hornbacher because they did not employ Plaintiffs and thus, cannot be held individually liable.  *Tracey-Meddoff v. J. Altman Hair & Beauty Centre, Inc.*, 899 So.2d 1167, 1169 (Fla. 4th DCA)(holding corporate officers are not be individually liable in private sector whistleblower action against corporation).

6.     Plaintiffs' claim for intentional interference with a prospective business advantage, Count 14, fails because Plaintiffs have not and cannot establish that DeDonatis and Hornbacher qualify as a "stranger" to the business relationship. *Menudo Int'l, LLC v. In Miami Prod., LLC*, 2018 WL 1745395, at *3 (S.D. Fla. 2018) ("[f]or the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship.").

7.     With the above established, dismissal of the Amended Complaint is proper.

## II.     Factual Background

This lawsuit arises out of Plaintiffs' employment with USSSA.  Doc. 19 at Paragraphs 5 & 7.  Plaintiffs assert a veritable "laundry list" of outrageous and scandalous allegations in 260 paragraphs of dense and sometimes impenetrable prose which bears effectively no relationship whatsoever to the actual allegations of law, then conclude Messrs. DeDonatis and Hornbacher, along with the Co-Defendants, participated in a corrupt scheme

Plaintiffs allege the Defendants, in response to Wegman's complaints against USSSA, terminated Wegman.  Doc. 19 at paragraph 6.  In December 2022, Plaintiffs allege Plaintiff Horrom submitted anonymous reports to USSSA outlining Messrs. DeDonatis and Hornbacher's involvement in unspecified "bookmaking and sports gambling."  Doc. 19 at paragraph 8.  Plaintiffs further allege, following their complaints to USSSA, Messrs. DeDonatis and Hornbacher

"learned or suspected" Plaintiff Horrom was the complainant. Doc. 19 at paragraph 8.

Plaintiffs state in response to Horrom's reports, Horrum was terminated. Doc. 19 at paragraph 9. Plaintiffs conclude they were terminated from their employments with USSSA because they "blew the whistle" on Messrs. DeDonatis and Hornbacher. Doc. 19 at paragraphs 6 & 8.

On August 27, 2023, Plaintiffs filed their original Complaint asserting causes of action identical to those alleged in the Amended Complaint. *See generally*, Doc. 5.

On September 7, 2023, the Court *sua sponte* dismissed Plaintiffs' Complaint, properly labeling it as a shotgun pleading. Doc. 17. On September 15, 2023, Plaintiffs filed the Amended Complaint, essentially changing nothing substantive from the original Complaint and continuing the pattern of "shotgunning" an enormous and confusing series of allegations with piles of scandalous material irrelevant to the claims made.

## III.   Plaintiffs' claims must be dismissed

## A.   Legal Standard to Dismiss

Messrs. DeDonatis and Hornbacher request this Court dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted. For such a Motion, the question is not whether a plaintiff will ultimately prevail, but whether the plaintiff has any possibility of prevailing as a matter of law, and

therefore is entitled to offer evidence in support of his claims. *United States v. Aceto Agric. Chem. Corp*., 872 F.2d 1373, 1376 (8th Cir. 1989).

In considering a motion to dismiss under Rule 12(b)(6), the court must assume all facts alleged by the complaining party are true. *Gross v. Weber*, 186 F.3d 1089, 1090 (8th Cir. 1999). The court also must liberally construe the complaining party's allegations in the light most favorable to the non-movant. *Id.*

In treating the factual allegations of a complaint as true pursuant to Rule 12(b)(6), the court must "reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997), *citing, In re Syntex Corp.*, 95 F.3d 922, 926 (9th Cir. 1996). As the United States Supreme Court and the United States Court of Appeals for the Eighth Circuit have both observed, "a court should grant the motion and dismiss the action 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Handeen v. Lemaire*, 112 F.3d 1339, 1347 (8th Cir. 1997), *quoting, Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Federal Rule of Civil Procedure 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 327

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), *quoting, Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 570 (2007).  Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also, Iqbal,* 556 U.S. at 678 (2009)(explaining Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Further, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, *quoting, Twombly*, 550 U.S. at 557 (alteration in original).  A district court may "insist upon some specificity in [the] pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558 (quotation marks omitted).

## B.     Standing for RICO

As set forth in *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258 (1992), the issue of standing is determined by whether a direct relationship exists between the injury asserted and the injurious conduct alleged.  *See Holmes*, 503 U.S. at 268-269 ("a plaintiff who complains of harm flowing merely from the misfortunes visited upon a third person by the defendant's acts, generally stands at too remote a distance to recover"); *see also, Spinale v. United States*, No. 03 Civ. 1704, 2004 WL 50873, at *15 (S.D.N.Y. Jan. 9, 2004)(finding a RICO plaintiff must demonstrate that a direct relationship exists between the RICO plaintiff's injury and the defendant's injurious conduct).

Here, Plaintiffs' must show the injury alleged was due to DeDonatis and Hornbacher's commission of a legally sufficient predicate act. For this, there is simply no substitute. *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 952 (8th Cir. 1999)("The class of persons who may sue under RICO is limited to those whose injuries were directly caused by RICO violations"); *Prince Heaton Enters., Inc. v. Buffalo's Franchise Concepts, Inc.*, 117 F. Supp. 2d 1357, 1363 (N.D. Ga. 2000).

The United States Supreme Court held in *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985), an actionable RICO injury must be caused by the predicate acts alleged, because the essence of a RICO claim is the commission of predicate acts within the conduct of an enterprise. *Sedima* at 497 ("[a]ny recoverable damages occurring by reason of a violation of section 1962(c) will flow from the commission of the predicate acts").

Therefore, simply alleging fraud, no matter how salacious it is, does not qualify as a predicate act under 18 U.S.C. § 1961. *LaVay Corp. v. Dominion Fed. Sav. & Loan*, 830 F.2d 522, 529 (4th Cir. 1987)(under no circumstances could a breach of fiduciary duty constitute a pattern of racketeering activity); *Ownby v. Cohen*, 19 F. Supp. 2d 558, 565 (W.D.Va. 1998)(breach of fiduciary duty is not among crimes recognized as racketeering).

Further, Plaintiffs' must also show they were the intended target of the RICO scheme. *W.L. Meng v. Schwartz*, 116 F. Supp. 2d 92, 95 (D.D.C. 2000)(finding within the context of RICO, a plaintiff must be the "intended

target of the RICO violation"), *quoting, In re Am. Express*, 39 F.3d 395, 400 (2d Cir. 1994); *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 549 (S.D.N.Y. 2002)("[t]o have standing, plaintiffs must show that they were the 'intended targets' of the RICO violations").

## C.    Wrongful Termination Cannot Support a RICO Claim

Plaintiffs have failed to state a claim upon which relief can be granted as to each of the two RICO counts.  To successfully plead a civil RICO claim, a plaintiff must allege: "(1) a violation of 18 U.S.C. § 1962; (2) injury to business or property; and (3) that the violation caused the injury."  *Bill Buck Chevrolet, Inc. v. GTE Florida Inc.*, 54 F.Supp.2d 1127, 1132 (M.D. Fla. 1999); *see also, Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

A plaintiff must demonstrate the defendant's alleged violation was not only the "but for" cause of the plaintiff's injury but also its proximate cause.  *Southeast Laborers Health and Welfare Fund v. Bayer Corp.*, 444 Fed.Appx. 401, 409 (11th Cir. 2011), *citing, Holmes v. Sec. Investor Protection Corp.*, 503 U.S. 258, 269 (1992). When a court evaluates a RICO claim for proximate causation, the central question must be whether the alleged violation led *directly* to the plaintiff's injuries.  *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006)(emphasis added).

Here, the Amended Complaint is devoid of facts to support Plaintiffs have standing, as there are no facts alleged to support a direct injury or damage caused to Plaintiffs related to any alleged criminal activity.

In *Beck v. Prupis*, the United States Supreme Court held a person may not bring suit under RICO predicated an overt act which is *not* an act of racketeering or otherwise unlawful under the statute. *Beck v. Prupis*, 529 U.S. 494, 505-07 (2000). The Court stated, "[a]s at common law, a civil conspiracy plaintiff cannot bring suit under RICO based on injury caused by *any* act in furtherance of a conspiracy that might have caused the plaintiff injury. Rather, consistency with the common law requires that a RICO conspiracy plaintiff allege injury from an act that is analogous to an 'ac[t] of a tortious character.'"

In *Beck*, the plaintiff claimed his employment termination was an overt act in furtherance of defendants' conspiracy that proximately caused plaintiff's injury. *Id.* at 499. However, the court disagreed and found a retaliatory discharge is not a predicate act of racketeering and cannot satisfy the proximate cause requirement of a RICO claim. *Id.*

Further, in *DiGiglio v. U.S. Xpress, Inc.*, the court found "a plaintiff fired for complaining about or reporting allegedly illegal acts cannot bring a RICO claim," and the plaintiff must be a direct victim of a racketeering act. *DiGiglio v. U.S. Xpress, Inc.*, 293 F.Supp.3d 522, 526 (E.D. Pa. 2018). The court found even when it accepted all allegations as true and viewed the complaint in the light most favorable to the plaintiffs, the plaintiffs' terminations were "at most **non**-racketeering acts in furtherance of a broader RICO conspiracy," and thus, the terminations did not create standing for a RICO claim. *DiGiglio*, 293 F.Supp.3d at 526-27 (emphasis added).

Like in *Beck and DiGiglio,* Plaintiffs assert Messrs. DeDonatis and Hornbacher participated in racketeering activity which directly interfered with Plaintiffs' lawful employment and abilities to obtain lawful employment. Doc. 19 at 164-173. However, an injury stemming from Plaintiffs' claim they were wrongfully terminated is wholly insufficient to give rise to a cause of action under RICO. *Beck*, 529 U.S. at 505; *see also, Anderson v. Ayling*, 396 F.3d 265, 269-70 (3d Cir. 2005)(terminated plaintiffs who opposed an emergency trusteeship did not have standing to bring a RICO claim because the terminations did not occur "by reason of" the RICO violations); *Haley v. Commercial Driver Institute, Inc.* 2009 WL 1075048 (M.D. Tn. 2009)(retaliatory discharge is not a "predicate act" of racketeering that will support a RICO claim); *Cullom v. Hibernia Nat. Bank*, 859 F.2d 1211, 1215 (5th Cir. 1988)("[w]histleblowers do not have standing to sue under RICO for the injury caused by the loss of their job").

Further, for a RICO claim based upon wrongful termination, there is only a single statutorily sufficient predicate act: violation of 18 U.S.C. § 1513(e). Prior to 2002 with the passage of the Sarbanes-Oxley Act, the federal courts routinely held terminated whistleblowers who claimed to have reported RICO predicate violations were without standing because wrongful termination is not a predicate act under RICO. *Beck v. Prupis*, 529 U.S. 494, (2000); *see also, Anderson v. Ayling*, 396 F.3d 265, 270 (3rd Cir. 2005). In *Beck*, a case arising from this Court's sister Southern District of Florida and the Eleventh Circuit Court of

Appeals, the Supreme Court found a claim of wrongful termination to be insufficient to bring a suit under RICO. *Beck*, 529 U.S. at 505-506.

Congress addressed this issue with the amendment of 28 U.S.C. § 1513 to add subsection (e). However, the subsection is limited: it addresses only a single situation: when the plaintiff has provided truthful information to a law enforcement officer relating to the commission of a Federal offense. This is the only path to a civil RICO claim for wrongful termination.

Plaintiffs' salacious Amended Complaint alleges in part the following: "Defendants willingly and knowingly conducted or participated directly, in the conduct of USSSA's affairs through a pattern of racketeering activity." Doc. 19 at para. 165. Thus, even if the court finds Plaintiffs' have met the alleged sufficient facts to have standing to make their RICO claim, facts as to the Plaintiffs' being the intended targets are not present at any point in the complaint and therefore the complaint is insufficient to meet the Plaintiffs' burden.

Further, examination of the Amended Complaint does not contain any allegation of either Plaintiff providing anything to any law enforcement officer concerning any commission of any offense, Federal or otherwise. This conclusively shows the Amended Complaint does not allege the necessary legally predicate fact in order to invoke the sole route under RICO for a claim of wrongful termination, 18 U.S.C. § 1513(e).

Therefore, for this reason alone, the RICO counts must be dismissed. Plaintiffs have failed to allege any predicate act of racketeering which actually

and proximately caused Plaintiffs' alleged injuries.  Accordingly, Plaintiffs' claims under RICO must be dismissed as Plaintiffs do not have standing to bring such claims.

Despite being given two opportunities, Plaintiffs have failed to allege the critical component of their claim – a report to law enforcement.[1]  Therefore, this Court has no option but to dismiss the RICO counts for a second time, and therefore dismiss this case for lack of subject matter jurisdiction, as further discussed below.

## D.    Additional lack of standing

Turning to whether Plaintiffs' have alleged sufficient facts so their RICO claim passes the motion to dismiss stage, "[t]o have standing to make a RICO claim, a party must have 1) sustained an injury to business or property 2) that was caused by a RICO violation."  *Asa-Brandt, Inc. v. ADM Investor Services, Inc.*, 344 F.3d 738, 752 (8th Cir. 2003), *citing, Hamm v. RhonePoulenc Rorer Pharms., Inc.*, 187 F.3d 941, 951 (8th Cir. 1999).  "Then a RICO plaintiff must prove the defendant 'engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"  *Asa-Brandt, Inc.*, *quoting, Handeen*, 112 F.3d at 1347.

RICO defines "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals

---

[1] Searching the Amended Complaint for any reference to a report to law enforcement is futile – it does not exist.  This Court should look with great suspicion on any attempt to amend the Complaint a second time to add such a factual allegation.

associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An enterprise "must have a common or shared purpose, some continuity of personnel, and an ascertainable structure distinct from the pattern of racketeering." *Asa-Brandt, Inc.*, 344 F.3d at 752, *citing, Handeen*, 112 F.3d at 1347.

Here, Plaintiffs' 260 paragraph Amended Complaint reads more like a criminal indictment rather than a civil pleading, where Plaintiffs allege a variety of allegations, yet not one of them satisfies the requirements of "a conspiratorial nature" directed at Plaintiffs. The mere association of DeDonatis and Hornbacher with each other and with USSSA does not amount to an enterprise. As such, the RICO allegations against Messrs. DeDonatis and Hornbacher, as individuals, are inappropriate.

Further, where Plaintiffs' harm alleged is loss of employment, but the RICCO allegations state, "through preservation of lucrative salaries and compensation, diversion of USSSA funds for illegal and personal use, to defraud the IRS and the United States taxpayers, to manipulate USSSA's books and records to evade oversight and submit false information to defraud the IRS, and to silence and to silence and retaliate against plaintiffs from exposing the RICO Defendants' ongoing and continuing racketeering activities." Doc. 19 at para. 154. None of those allegations are sufficient nor show any evidence the Plaintiffs were the intended targets of the alleged RICO scheme, a necessary predicate for any other potential RICO claim separate from wrongful termination. Therefore,

Plaintiffs' allegations clearly fail to meet the requirements of "a conspiratorial nature" directed at Plaintiffs.

**E.    Amended Complaint violates Rule 8**

The Amended Complaint is nothing more than a shotgun pleading, a criminal indictment masquerading as a civil complaint.  It is still a confusing, shotgun pleading, in violation of Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim." *Jewelry Repair Enterprises, Inc. v. Son Le Enterprises, Inc.*, No. 9:15-CV-81622-BB, 2016 WL 557057, at *2 (S.D. Fla. Feb. 12, 2016)(further citation omitted); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)("Each count incorporates by references the allegations made in a section entitled 'General Factual Allegations' … The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies."). "Lengthy complaints that incorporate dozens of paragraphs of allegations into each count are neither short nor plain." *Doscher v. Holding*, 2023 WL 6060559 *2 (11th Cir. 2023) (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018)).

In *Yeyille v. Miami Dade County Public Schools*, the Eleventh Circuit found the plaintiff's third amended complaint including an eighty-five (85) paragraph fact section spanning thirty-one (31) pages was a shotgun pleading. *Yeyille v. Miami Dade County Public Schools*, 643 Fed.Appx. 882, 884 (11th Cir.

2016).  The court noted much of the fact section was "written in narrative, diary-like form," and many of the facts were not obviously related to the plaintiff's claims.  *Id.*

Similarly, in the instant case, the Amended Complaint contains 260 paragraphs across ninety-one (91) pages, inundated with conclusory allegations, many of which are not related to Plaintiffs' claims.  Despite Plaintiffs' removal of their incorporation of "all paragraphs above," Plaintiffs still contains dozens of scandalous and irrelevant allegations.

Specifically, the RICO allegations incorporate forty-one (41) paragraphs, virtually none of which are pertinent; Counts 1 and 2 incorporate 163 paragraphs with the same infirmity; Counts 3 and 4 incorporate 83 paragraphs; Counts 11 and 12 incorporate 135 paragraphs; and Count 14 incorporates 83 paragraphs. Attempting to read such an engrossed and complicated pleading, the exact opposite of the requirements for a civil case, is impossible.  This Court cannot countenance the substitution of a criminal indictment for a civil complaint and deem it sufficient.

Accordingly, it is clear the Amended Complaint is still an improper shotgun pleading and should be dismissed.

## F.    Breach of Contract and Covenants Fail

Wegman's claim for breach of contract fails with respect to Messrs. DeDonatis and Hornbacher because they were not parties to the contract Wegman alleges is the basis for the claims.

A person cannot bring a breach of contract claim against a non-party to the contract. *Halmos v. Spinard*, 2023 WL 2975020 *7 (S.D. Fla. 2023); *Morgan Stanley DW Inc. v. Halliday*, 873 So.2d 400, 403 (Fla. 4th DCA 2004)("[u]nless a person is a party to a contract, that person may not sue – or, for that matter, be sued – for breach of contract"); s*ee also, Northbound Group, Inc. v. Norvax, Inc.*, 795 F.3d 647, 651 (7th Cir. 2015)(finding contract law cannot be read to authorize a party to a contract to sue a non-party for breach of the contract simply because the non-party has a close relationship with the other party to the contract who has breached).

It is undisputed that Wegman's employment contract was between Wegman and USSSA. Accordingly, Messrs. DeDonatis and Hornbacher were not parties to Wegman's employment contract. As such, Wegman's claim for breach of contract (Count 3), and breach of covenant of good faith and fair dealing (Count 4), against Messrs. DeDonatis and Hornbacher must be dismissed.

## G. Breach of Oral Contract, Breach of Implied in Fact Contract, and Breach of Covenant of Good Faith and Fair Dealing Fail

In order to sufficiently allege a breach of an oral contract, a plaintiff must show the parties "mutually assented to a certain and definite proposition and left no essential terms open." *Assucrazioni Generali SPA v. Agility Logistics Corp.*, 2009 WL 4421262 *1, *5 (S.D. Fla. 2009). To plead a breach of oral contract claim, a plaintiff must prove all the standard elements of a breach of written

contract claim, including: (1) the existence of a contract between the parties, (2) a breach of that contract, and (3) damages resulting from that contract. *Id.* In the instant case, Plaintiff alleges USSSA entered into a valid oral contract, wherein Mr. DeDonatis promised Plaintiff a certain salary plus bonus payments. Doc. 19 at para. 192.

First, the Amended Complaint is devoid of any allegations supporting any possible concept Mr. Hornbacher was party to this supposed oral agreement. As such, Plaintiff has failed to allege the existence of a contract between Plaintiff and Mr. Hornbacher, meaning the claim must be dismissed as to Mr. Hornbacher.

Further, whatever contract there might have been would, by necessity, have been between Plaintiff and USSSA, not between Plaintiff and Mr. DeDonatis. Plaintiff does not allege he was employed by Mr. DeDonatis as a personal servant, paid by Mr. DeDonatis out of his own pocket, but rather, was employed by USSSA.

As such, by the same logic, the contract, assuming it existed at all, was with USSSA and not Mr. DeDonatis, meaning, as a non-party to the contract, Mr. DeDonatis could neither breach the contract nor be sued for such a breach. *Halmos*, 2023 WL 2975020 *7; *Morgan Stanley DW Inc.*, 873 So.2d at 403. Therefore, Counts 5, 6, and 7 must be dismissed.

## H.    Violation of Florida Private Whistleblower Act Fail

Section 448.102, Florida Statutes, provides "[a]n employer may not take any retaliatory personnel action against an employee because the employee has:

... (3) [o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Section 448.102(3), Florida Statutes. Plaintiffs allege all Defendants are in violation of Florida's Private Whistleblower Act. Doc. 19 at paras. 234-239.

In *Tracey-Meddoff v. J. Altman Hair & Beauty Centre, Inc.*, the court found the Section 448.102's definition of an "employer" is narrowly drawn and is not susceptible to an interpretation imposing individual liability upon the corporate officers of an employer. *Tracey-Meddoff v. J. Altman Hair & Beauty Centre, Inc.,* 899 So.2d 1167, 1169 (Fla. 4th DCA)(corporate officers cannot be individually liable in private sector whistleblower action against corporation).

In the instant case, Plaintiffs' employer was USSSA, not either of Messrs. DeDonatis or Hornbacher. Accordingly, Plaintiffs' claim of violation of Florida Private Whistleblower Act fails. *Id.* ("the private sector whistleblower act is directed at the employer, not at the individuals who act on behalf of the employer").

As such, Count 11 of Plaintiffs' Complaint against Messrs. DeDonatis and Hornbacher must be dismissed.

## I.     Intentional Interference Claim Fails

Under Florida law, the elements of tortious interference with a business relationship are: "(1) the existence of a business relationship[;] (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage

to the plaintiff as a result of the breach of the relationship." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So.2d 812, 814 (Fla. 1994).

It is well established "[f]or the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship." *Menudo Int'l, LLC v. In Miami Prod.*, LLC, 2018 WL 1745395, at *3 (S.D. Fla. 2018), *quoting, Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 385–86 (Fla. 4th DCA 1999). Notably, a "defendant is not a stranger to a business or contractual relationship if the defendant 'has any beneficial or economic interest in, or control over, that relationship." *Menudo Int'l LLC*, 2018 WL 1745395, at *3, *quoting, Nimbus Techs., Inc. v. SunnData Prod., Inc.*, 484 F.3d 1305, 1309 (11th Cir. 2007).

In *Crosswright v. Escambia Community Clinics*, the plaintiff brought suit for interference, claiming plaintiff's employment, the defendant's administration undermined his ability to perform in accordance with plaintiff's employment contract. *Crosswright v. Escambia Community Clinics*, 2023 WL 2759788 *5 (N.D. Fla. 2023). In response, the defendant argued, and the court agreed, the plaintiff's claim failed because a defendant cannot interfere with its own business relationship. *Id.*

While Plaintiffs allege Messrs. DeDonatis and Hornbacher interfered with Plaintiffs' business relationship with USSSA, Plaintiffs have not alleged Messrs. DeDonatis and Hornbacher were a stranger to the business relationship. *Menudo Int'l, LLC* 2018 WL 1745395, at *3. Further, as Plaintiff allege Messrs.

DeDonatis and Hornbacher were officers of USSSA, they clearly cannot be said under any stretch of the imagination to be "strangers" to the relationship. Accordingly, Plaintiffs' claim for tortious interference against Movants must be dismissed.

## IV.   Motion for Enlargement of Time to Respond to Counts 8 and 13

In light of the arguments contained herein, it is impossible for Messrs. DeDonatis and Hornbacher to respond to Counts 8 and 13 before a ruling on this Motion.  As such, to the extent necessary, they respectfully request this court to afford them an extension of time to respond to Counts 8 and 13 of the Complaint[2].

## V.   Subject Matter Jurisdiction

This action involves RICO claims arising under federal law and wrongful termination, contract, and whistleblower claims arising under Florida state law. 28 U.S.C. § 1367 (c) limits a district court's supplemental jurisdiction by allowing the court to decline to exercise supplemental jurisdiction over a state law claim if (in pertinent part), the district court has dismissed all claims over which it has original jurisdiction.

With the failure of the RICO counts, this Court should decline to exercise supplemental jurisdiction over the state law claims because there are no federal question issues remaining.  This case becomes a run-of-the-mill employment law

---

[2] Messrs. DeDonatis and Hornbacher make this Motion in an abundance of caution, believing a Rule 12 motion tolls the time period within which a defendant must file a responsive pleading, pursuant to Fed. R. Civ. Pro. 12(a)(4).

case with no special reason to be in Federal court.  Therefore, supplemental jurisdiction under 28 U.S.C. § 1367(c) is inappropriate and this Court should dismiss the case in its entirety.

WHEREFORE, Defendants DeDonatis and Hornbacher, respectfully request this Court enter an order dismissing Counts I & II of Plaintiffs' Amended Complaint, dismissing all remaining state claims for lack of subject matter jurisdiction, or in the alternative, dismissing the state law claims for the grounds stated, and granting any other relief in favor of Defendants DeDonatis and Hornbacher.

**LYDECKER, LLP.**
4350 West Cypress Street
Suite 910
Tampa, FL 33607
*Counsel for Defendants Donald DeDonatis, III and Jacob Hornbacher,*
Telephone No.: (305) 416-3180
Facsimile No.: (305) 416-3190


BY:    */s/ E. Taylor George*
          E. TAYLOR GEORGE, ESQ.
          Florida Bar No.: 126725
          teg@lydecker.com
          VICTORIA A. ARTHINGTON, ESQ.
          Florida Bar No.: 1026136
          vaa@lydecker.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN WEGMAN, et al.,

      Plaintiffs,

v.                          Case No: 6:23-cv-1637-RBD-RMN

THE UNITED STATES SPECIALITY
SPORTS ASSOCIATION, INC., et al.,

      Defendants.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of October, 2023, a true and correct copy of the foregoing has been furnished by Eservice to: **Jon Allen May, Esq.**, **Ameer Gopalani, Esq.**, **Michael Colkov, Esq.,** Attorneys for Plaintiffs [jonmay.criminaldefense@gmail.com; agopalani@volkovlaqw.com; mvolkov@volkov@volkovlaw.com]; **Jillian Strasser, Esq.,** Attorney for Defendants Richard Fortuna, Wendy Anderson, and Courtney Ceo, [jillian.strasser@csklegal.com]; and, **Christopher George Oprison, Esq.**, Attorney for Defendant The USSSA, Inc. [chris.oprison@dlapiper.com], and the original has been filed with the Court.

                        **LYDECKER, LLP.**
                        4350 West Cypress Street
                        Suite 910
                        Tampa, FL 33607
                        *Counsel for Defendant,*
                        Telephone No.: (305) 416-3180
                        Facsimile No.: (305) 416-3190

              BY:    */s/ E. Taylor George*
                    E. TAYLOR GEORGE, ESQ.
                    Florida Bar No.: 126725
                    teg@lydecker.com
                    VICTORIA A. ARTHINGTON, ESQ.
                    Florida Bar No.: 1026136
                    vaa@lydecker.com