UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN WEGMAN; and THOMAS HORROM,

    Plaintiffs,

v.

THE UNITED STATES SPECIALTY SPORTS ASSOCIATION, INC.; DONALD DEDONATIS III; RICHARD FORTUNA; WENDY ANDERSON; COURTNEY CEO; and JACOB HORNBACHER,

    Defendants.

Case No. 6:23-cv-1637-RBD-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Defendant The United States Specialty Sports Association, Inc.'s Short-Form Motion to Compel Defendant DeDonatis to Return Property, Enjoin Copying, and For Fees/Costs (Dkt. 98), filed December 5, 2023. Defendant DeDonatis opposes. Dkt. 106.[1]

---

[1] Counsel for the movant reports that he sought to confer with counsel for DeDonatis about this matter several times since December 3 but did not succeed. Dkt. 98 at 4; Dkt. 103 at 1–2. Counsel are reminded that they are *required* to "promptly respond to requests for a Good Faith Conference" from opposing parties. Dkt. 86 at 8. Counsel are warned that a response "that occurs

Few things are certain in life or litigation. But given the representations made by his counsel at recent hearing, DeDonatis could bet dollars to donuts that he has no choice but to turn over three electronic devices in his possession that belong to The United States Specialty Sports Association, Inc. ("USSSA"). At that hearing, counsel for DeDonatis conceded that the devices are USSSA's property. Dkt. 97 at 6:1–5; *see also* Dkt. 89-1 at 23 (employee handbook stating that "[a]ll technology provided by USSSA, including computer systems, communication networks, Association related work records and other information stored electronically, is the property of USSSA and not the employee"). For this and other reasons, the Court denied a motion filed by DeDonatis that sought a court order authorizing him to create forensic copies of the devices before returning them to USSSA. Dkt. 94.

As was apparent to every participant at that hearing, all persons who anticipate or are parties to litigation have a duty to locate, retain, and preserve potentially relevant evidence, including electronically stored information. *See* Fed. R. Civ. P. 37(e). The Court need not dwell too long on that requirement here, as USSSA and DeDonatis both acknowledge they have an obligation to preserve evidence contained on the devices.

---

more than two business days after a request is not 'prompt.'" *Id*. The Court will impose sanctions on counsel and, if warranted, parties who do not respond promptly to requests for Good Faith Conferences. *Id*.

The devices belong to USSSA. Dkt. 97 at 6:1–5, 17:25 to 18:7. The organization concedes it must preserve the evidence on the devices, *id*. at 20:11 to 21:3, and it intends to make forensic copies of the devices once they are returned so it can comply with its preservation obligations. *Id*. at 19:22 to 20:10. DeDonatis' retention of USSSA's property prevents the organization from fulfilling its duty to preserve evidence, thereby prejudicing it.

The organization is prejudiced by the failure to return the devices in another way too. Organizations know what their employees know. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 736 (11th Cir. 1998) (recognizing that under Florida law knowledge of officer is generally imputed to corporation); *see also* The Sedona Conference, *The Sedona Conference Commentary on Legal Holds, Second Edition: The Trigger & the Process A Project of the Sedona Conference Working Group on Electronic Document Retention and Production (WG1)*, 20 Sedona Conf. J. 341, 374 (2019) (discussing the imputation of employee's knowledge to an organization in the context of the duty to preserve evidence). DeDonatis was once USSSA's chief executive officer. *See* Dkt. 5 ¶ 15. Given that he is now on administrative leave and his relationship with USSSA has soured, the devices contain evidence that the organization needs to determine what DeDonatis knows, when he learned about it, what he did about it, and who was involved.

In short, DeDonatis' failure to return the USSSA's devices frustrates the organization's collection efforts, stymies its investigation into the events that form the basis of Plaintiffs' claims, and thwarts the preparation of the organization's defenses. DeDonatis must return the devices to USSSA immediately.[2]

Accordingly, it is **ORDERED**:

1. Defendant The United States Specialty Sports Association, Inc.'s Short-Form Motion to Compel Defendant DeDonatis to Return Property, Enjoin Copying, and For Fees/Costs (Dkt. 98) is **GRANTED**;

2. DeDonatis is directed to return all electronic devices provided to him by Defendant The United States Specialty Sports Association, Inc. no later than December 15, 2023;

3. DeDonatis shall not access, copy, or otherwise tamper with any electronically stored information contained on the devices;[3] and

4. USSSA is awarded reasonable expenses. The parties shall confer regarding the expenses that it necessarily incurred prosecuting the motion. If

---

[2] In his response, DeDonatis suggests this dispute is moot because he now acknowledges that he must return the devices to USSSA. Dkt. 106 at 2–3. But USSSA does not seek a concession from DeDonatis that the devices should be returned. It seeks an order compelling DeDonatis to return them. The motion is not moot.

[3] Nothing in this Order prevents DeDonatis from propounding discovery to obtain copies of evidence collected from the devices.

the parties cannot agree on an amount, USSSA shall file a single motion claiming the amount of all fees and expenses due at the end of the discovery period. Such motion is subject to the requirements of Local Rule 3.01(a), including (but not limited to) the 25-page limit for motions.

**DONE** and **ORDERED** in Orlando, Florida, on December 12, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record