IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN WEGMAN,
THOMAS HORROM

        CASE NO.:  6:23-cv-1637-RBD-RMN

    Plaintiffs,

vs.

THE UNITED STATES SPECIALTY
SPORTS ASSOCIATION, INC.,
DONALD DEDONATIS, III,
RICHARD FORTUNA,
WENDY ANDERSON,
COURTNEY CEO, AND
JACOB HORNBACHER

    Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants, RICHARD FORTUNA ("Fortuna"), WENDY ANDERSON ("Anderson"), and COURTNEY CEO ("Ceo"), (Fortuna, Anderson and Ceo will be collectively referred to as the "Movants"), by and through their undersigned counsel, move to dismiss Plaintiffs', BRIAN WEGMAN ("Wegman") and THOMAS HORROM ("Horrom") (collectively, "Plaintiffs"), Second Amended Complaint [D.E. 155], and state as follows:

CASE NO.: 6:23-cv-1637-RBD-RMN

# SUMMARY OF ARGUMENT

On August 27, 2023, Plaintiffs filed the initial complaint ("Initial Complaint") against Movants and their Co-Defendants, United States Specialty Sports Association ("USSSA"), Donald DeDonatis III ("DeDonatis") and Jacob Hornbacher ("Hornbacher") (hereafter, Movants, USSSA, DeDonatis, and Hornbacher will collectively be referred to as the "Defendants"). On September 7, 2023, the Court *sua sponte* dismissed Plaintiffs' Initial Complaint, properly labeling it as a shotgun pleading. [D.E. 17]. On September 15, 2023, Plaintiffs filed a first amended complaint ("FAC") [D.E. 95], which read like a diary and included fourteen (14) causes of action. *See generally* FAC.

On October 30, 2023, Movants filed their Motion to Dismiss Plaintiffs' FAC ("MTD") [D.E. 58]. On November 30, 2023, Plaintiffs filed their Response, in which Plaintiffs conceded that seven (7) of the causes of action were unsupported in fact and law. On April 3, 2024, the Court granted Movants' Motions to Dismiss and dismissed Plaintiffs' FAC without prejudice. [D.E. 154].

On April 17, 2024, Plaintiffs filed the SAC, asserting the following causes of action against Movants:

(i) Count 1 – Participation in Racketeer Influenced and Corrupt Organization ("RICO") 18 USC § 1962(c) (by Plaintiffs against all Defendants)
(ii) Count 2 – RICO Conspiracy 18 USC § 1962(d) (by Plaintiffs against all Defendants)

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 6:23-cv-1637-RBD-RMN

(iii) Count 3 – Breach of 31 USC §5323(g) – Retaliation Against a Whistleblower Under the Anti-Money Laundering Act ("AMLA") (by Wegman against Anderson, Fortuna, USSSA, and DeDonatis)

(iv) Count 4 – Breach of 26 USC §7623(d) – Retaliation Against a Whistleblower Under the Taxpayer First Act ("TFA") (by Wegman against Anderson, Fortuna, USSSA, and DeDonatis)

*See generally* SAC. Nevertheless, Plaintiffs' RICO claims in the SAC suffer from the same deficiencies as Plaintiffs' Initial Complaint and FAC. *See generally* SAC. Specifically, Plaintiffs' RICO claims (Counts 1 and 2) still fail because:

1. Plaintiffs' claims are still predicated on an alleged wrongful employment termination, which is wholly insufficient to support the requisite direct injury or damage caused to Plaintiffs related to the alleged tortious activity. *Beck v. Prupis*, 529 U.S. 494, 507 (2000) (holding that a person may not bring suit under § 1964(c) predicated on a violation of § 1962 for injuries caused by an overt act that is not an act of racketeering or otherwise unlawful under the statute.).

2. Plaintiffs' alleged Predicate Acts 1-16 have absolutely nothing to do with Plaintiffs. Thus, Predicate Acts 1-16 could not have logically *directly* caused the Plaintiffs' injuries. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006) (emphasis added).

3. Plaintiffs' terminations do not rise to the requisite level of intimidation, threats, or corrupt persuasion to establish witness tampering under 18 U.S.C.

§1512(b). *Gratz v. Ruggiero*, 822 Fed.Appx. 78, 84 (3d Cir. 2020) ("holding that the plaintiff's termination did not constitute the 'intimidation, threaten[ing], or corrupt persua[sion]' of another person, that § 1512(b)(3) requires.").

4. Plaintiffs have failed to allege that either Wegman or Horrom reported any alleged misconduct to law enforcement prior to their termination to support a predicate act of witness retaliation under 18 U.S.C. §1513(e).

Accordingly, dismissal of the SAC is proper.

## INTRODUCTION AND FACTUAL BACKGROUND

By way of background, this lawsuit arises out of Plaintiffs' claim that their employment with USSSA was wrongfully terminated. SAC, ¶¶5, 7. Plaintiffs allege that Wegman began his employment with USSSA in 2014, and that Horrom began his employment with USSSA in 2019. SAC, ¶¶5, 7. Plaintiffs allege that on February 1, 2023, and July 7, 2023, respectively, Horrom and Wegman were terminated from USSSA. SAC, ¶16. Despite the fact that the claims are premised on a wrongful termination claim, Plaintiffs continue to raise all sorts of scandalous allegations in the SAC. *See generally* SAC. Plaintiffs again conclude that all six (6) Defendants participated in a RICO scheme by engaging in illegal bookmaking and gambling, mail, and wire fraud, defrauding the Internal Revenue Service ("IRS"), possession

CASE NO.: 6:23-cv-1637-RBD-RMN

of illegal drugs, and attempting to silence Plaintiffs from exposing said alleged activities. *See generally* SAC.

In December 2022, and on January 12, 2023, Plaintiffs allege that Horrom, with the assistance of Wegman, submitted two anonymous complaints to USSSA alleging that DeDonatis and Hornbacher were involved in unspecified "bookmaking and sports gambling." SAC, ¶84. Plaintiffs further allege, without providing any specifics as to when, how, or what actions were taken, that Fortuna covered up DeDonatis and Hornbacher's alleged illegal activities. *Id.*

Plaintiffs allege that following their complaints to USSSA regarding DeDonatis and Hornbacher, Horrom disclosed to Anderson that he was the anonymous whistleblower. SAC, ¶87 n. 64. Plaintiffs allege that Anderson informed Fortuna that Horrom was the whistleblower. *Id.* Plaintiffs further speculate that DeDonatis and Hornbacher "learned or suspected" that Horrom was the anonymous whistleblower. SAC, ¶87. Plaintiffs allege that in response to Horrom's reports, USSSA, DeDonatis, Fortuna, Anderson, and other unidentified board members decided to not conduct an internal investigation. SAC, ¶88. Plaintiffs claim that thereafter, USSSA, DeDonatis, Anderson and Fortuna terminated Horrom. *Id.*

Similarly, Plaintiffs allege that throughout the course of his employment, Wegman raised concerns with Anderson and unidentified "others" at USSSA regarding improper and unethical conduct within USSSA. SAC, ¶90. In February

5

2023, Plaintiffs claim that Wegman "approached" Anderson, requested whistleblower status, and Anderson confirmed such status. *Id.* That same month (February 2023), Plaintiffs allege that DeDonatis, Fortuna, Anderson, and Ceo began targeting Wegman for his termination. SAC, ¶91. On July 7, 2023, Plaintiffs allege that USSSA, DeDonatis, Fortuna, Anderson, and Ceo terminated Wegman. SAC, ¶91. Plaintiffs conclude that they were both terminated from their employments with USSSA because they reported alleged improper and illegal conduct at USSSA. SAC, ¶¶6, 8. However, as discussed herein, dismissal of the SAC against Movants is proper.

## MEMORANDUM OF LAW

### I. Legal Standard to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Iqbal,* 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Further, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). A district court may "insist upon some specificity in [the] pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558 (quotation marks omitted).

When reviewing a motion under Rule 12(b)(6), a court generally must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See, e.g., Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). However, although a court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this principle does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678 (emphasis added). The Supreme Court has made it clear that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## II.  Dismissal of the RICO Claims (Counts 1 and 2) Is Still Proper

Plaintiffs have failed to state a claim upon which relief can be granted as to each of the two RICO counts of the SAC. To be sure, to successfully plead a civil RICO claim, a plaintiff must allege: "(1) a violation of 18 U.S.C. § 1962; (2) injury to business or property; and (3) that the violation caused the injury." *Bill Buck Chevrolet, Inc. v. GTE Florida Inc.*, 54 F.Supp.2d 1127, 1132 (M.D. Fla. 1999); *see*

7

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

*also Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

A plaintiff must demonstrate that the defendant's alleged violation was not only the "but for" cause of the plaintiff's injury but also its proximate cause. *Southeast Laborers Health and Welfare Fund v. Bayer Corp.*, 444 Fed.Appx. 401, 409 (11th Cir. 2011) (citing *Holmes v. Sec. Investor Protection Corp.*, 503 U.S. 258, 269 (1992)). When a court evaluates a RICO claim for proximate causation, the central question must be whether the alleged violation led *directly* to the plaintiff's injuries. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006) (emphasis added).

Initially, as discussed in Movants' First MTD, Plaintiffs' alleged wrongful terminations do not qualify as a predicate act of racketeering and cannot satisfy the proximate cause requirement of a RICO claim. *Beck v. Prupis*, 529 U.S. 494, 505-07 (2000) ("employees who are terminated for refusing to participate in RICO activities, or who threaten to report RICO activities, do not have standing to sue under RICO for damages from their loss of employment.'"); *see also DiGiglio v. U.S. Xpress, Inc.*, 293 F.Supp.3d 522, 526 (E.D. Pa. 2018) ("a plaintiff fired for complaining about or reporting allegedly illegal acts cannot bring a RICO claim"); *Anderson v. Ayling*, 396 F.3d 265, 269-70 (3d Cir. 2005) (finding that terminated plaintiffs who opposed an emergency trusteeship did not have standing to bring a § 1962(c) claim because the terminations did not occur "by reason of" the RICO

8

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 6:23-cv-1637-RBD-RMN

violations).

Here, Plaintiffs assert, albeit improperly and without distinguishing between the six (6) Defendants, that all six Defendants participated in racketeering activities which directly caused injury to the business or property of Plaintiffs. SAC, ¶29. In an attempt to overcome this blatant deficiency, Plaintiffs now allege that the following acts constitute "predicate" acts:

(i) Predicate Acts 1-4: Bank Fraud, Mail Fraud, and Wire Fraud – Illegal Loan
(ii) Predicate Acts 5-11: Mail Fraud and Wire Fraud – False Filing of Annual Form 990
(iii) Predicate Act 12: Illegal Bookmaking & Sports Gambling and Money Laundering
(iv) Predicate Acts 13-14: Tampering with a Witness – Employee-2 and Independent Contractor-1
(v) Predicate Acts 15-16: Witness Retaliation – Employee-2 and Independent Contractor-1
(vi) Predicate Acts 17-18: Tampering with a Witness – Wegman and Horrom
(vii) Predicate Acts 19-20: Witness Retaliation – Wegman and Horrom

*See* SAC, 22. As discussed herein, Plaintiffs' alleged predicate acts must have *directly* caused the plaintiff's injuries. *Anza*, 547 U.S. at 461. Significantly, Predicate Acts 1-16 have absolutely nothing to do with Plaintiffs nor their employment with USSSA. Thus, Plaintiffs cannot establish that Predicate Acts 1-16 proximately caused any injury or damages to Plaintiffs. *Bill Buck Chevrolet,* 54 F.Supp.2d at 1132 (holding that a plaintiff must show that the racketeering activity "not only was a 'but for' cause of his injury, but was the proximate cause as well.").

CASE NO.:  6:23-cv-1637-RBD-RMN

## A. Predicate Acts 17-18 Alleging a Violation of 18 U.S.C. § 1512 Fail

While Predicate Acts 17-18 may involve Plaintiffs, these alleged acts are still insufficient to support the RICO claims. Plaintiffs allege that Defendants engaged in witness tampering in violation of 18 U.S.C. § 1512(b) and (k). Specifically, Plaintiffs allege that Defendants engaged in misleading conduct toward Plaintiffs with the intent to (1) influence, delay, or prevent the testimony of any person in an official proceeding; (2) cause or induce any person to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding; or (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense. SAC, ¶83.

Yet, § 1512(b), in pertinent part, provides that:

> (b) Whoever knowingly uses **intimidation, threatens, or corruptly persuades** another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to —
>
>> (2) cause or induce any person to —
>> …
>>> (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;
>>
>> …
>> (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense ….

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

18 U.S.C. §§ 1512(b)(2)(B); 1512(b)(3) (emphasis added). Here, Plaintiffs fail to establish that their terminations constitute conduct that rises to the level of intimidating, threatening, or corruptly persuading behavior that § 1512(b) requires. *Id.* As such, Plaintiffs cannot establish a violation of §1512(b)(2)(B) or (3). *Id. See also Gratz v. Ruggiero*, 822 Fed.Appx. 78, 84 (3d Cir. 2020) ("holding that the plaintiff's termination did not constitute the 'intimidation, threaten[ing], or corrupt persua[sion]' of another person, that § 1512(b)(3) requires.").

Initially, a "threat is an expression of intention to do harm," and "[t]o intimidate means to discourage someone by threats or by a threatening manner or to make someone fearful." *Gratz*, 822 Fed.Appx. at 84 (citing *United States v. Johnson*, 968 F.2d 208, 211 (2d Cir. 1992) (finding that "the government must prove that the defendant's threatening words or conduct created a reasonable likelihood that the person would be in fear of harm.")). Further, corrupt persuasion means "influencing [another person] to violate his legal duty." *Gratz*, 822 Fed.Appx. at 84 (citing *United States v. Davis*, 183 F.3d 231, 249-250 (3d Cir. 1999), (holding that the statute requires "more culpability" than simply "attempting to discourage disclosure in order to hinder an investigation"), as amended, 197 F.3d 662 (3d Cir. 1999).

In *Gratz*, the plaintiff sued the defendants under RICO, alleging that, among other things, the defendants engaged in a pattern of racketeering activity, through witness tampering under §1512. *Gratz*, 822 Fed.Appx. at 80. Specifically, the

plaintiff alleged that the defendants terminated her to prevent her from reporting their misconduct. *Id.* at 81. The court held that the plaintiff cannot establish that the defendants violated §1512 because her termination did not constitute "intimidation, threaten[ing], or corrupt persua[sion]" as required by § 1512(b). *Id.* at 84. The court noted that "even if [the defendant] fired [plaintiff] because [the defendant] was concerned that her activities may be revealed, the termination does not rise to the level of intimidation, a threat, corrupt persuasion, or harassment as contemplated under § 1512." *Id.*

Like in *Gratz*, Plaintiffs assert, albeit improperly, that Defendants violated §1512 by terminating Plaintiffs' employment. SAC, ¶¶ 83-93. However, Plaintiffs' terminations do not rise to the requisite level of intimidation, threats, or corrupt persuasion to establish witness tampering under §1512(b). *Gratz*, 822 Fed.Appx. at 84. Although Plaintiffs were terminated, Plaintiffs have failed to allege that such terminations intimidated, threatened, or corruptly persuaded them to not report Defendants' alleged misconduct. *See generally* SAC. As such, Plaintiffs cannot establish that their terminations constituted witness tampering under §1512, and thus, Predicate Acts 17-18 are insufficient to support Plaintiffs' RICO claims.

### B. Predicate Acts 19-20 Alleging a Violation of 18 U.S.C. §1513 Fail

Similarly, Predicate Acts 19-20 are insufficient to support the RICO claims. Plaintiffs allege that Defendants terminated Plaintiffs to retaliate against Plaintiffs

for providing, or attempting to provide, to a law enforcement officer information relating to the commission or possible commission of a Federal offense in violation of 18 U.S.C. §1513(e) and (f). SAC, ¶94. 18 U.S.C. §1513(e) and (f) provide:

> (e) Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, **for providing to a law enforcement officer** any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both.
> (f) Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

18 U.S.C. §1513(e)-(f) (emphasis added). Notably, §1513(e) is incredibly limited and refers to a specific instance where a defendant intentionally retaliates against an employee for "providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense …" 18 U.S.C. § 1513(e). Here, there are no facts alleged in the SAC to support that Wegman or Horrom reported any commission or possible commission of a Federal offense to law enforcement. *See generally* SAC.

While Plaintiffs assert that in Horrom's anonymous whistleblower reports, he indicated his intention to report alleged illegal activity to law enforcement, there are no facts alleged to support that Horrom made any such report. *See generally* SAC. Similarly, Plaintiffs assert that on September 15, 2023, Wegman filed a charge of retaliation with the Occupational Safety and Health Administration ("OSHA"),

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

wherein Wegman alleges violations of whistleblower retaliation. SAC, ¶102. Significantly, Wegman was terminated on July 7, 2023, about two months before Wegman allegedly filed any charge of retaliation.[1]

Put simply, a violation under §1513(e) stems from an intent to retaliate against a person because that person *actually* provided information to law enforcement. 18 U.S.C. § 1513(e). As neither Wegman nor Horrom reported any alleged misconduct to law enforcement prior to their termination, §1513(e) is inapplicable, and Plaintiffs' RICO claims fail.

### III. Fortuna and Anderson Request an Enlargement of Time to Respond to Counts 3 and 4

In light of the arguments contained herein, it would be impractical for Fortuna and Anderson to respond to Counts 3 and 4 before a ruling on this Motion. As such, Fortuna and Anderson respectfully request this court to afford them an extension of time to respond to Counts 3 and 4 of the SAC[2].

WHEREFORE, Movants, respectfully request this Court enter an order dismissing Plaintiffs' Second Amended Complaint and granting any other relief in favor of the Movants.

---

[1] Despite this assertion, Movants have not seen and are otherwise unaware of any OSHA charge filed.
[2] Anderson and Fortuna, in an abundance of caution, have included this argument. However, Anderson and Fortuna note that under Federal Rule of Civil Procedure 12(a)(4), a Rule 12 motion tolls the time period within which a defendant must file a responsive pleading. Fed. R. Civ. Pro. 12(a)(4).

CASE NO.: 6:23-cv-1637-RBD-RMN

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that, pursuant to Local Rule 3.01(g), she conferred with Plaintiffs' counsel regarding the matter set forth in this Motion via Zoom Video Conference on May 1, 2024, and Plaintiffs do not agree with the resolution of this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of May, 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel of Record.

            COLE, SCOTT & KISSANE, P.A.
*Counsel for Movants*
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9221
Facsimile (561) 683-8977
Primary e-mail: jillian.strasser@csklegal.com
Alternate e-mail: denise.parisi@csklegal.com
Primary e-mail: emma.mccarthy@csklegal.com
Alternate e-mail: jennifer.croxton@csklegal.com

By:  *s/ Jillian Strasser*
JILLIAN STRASSER
Florida Bar No.: 113611
EMMA L. MCCARTHY
Florida Bar No.: 1048504