IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN WEGMAN, and
THOMAS HORROM,

    Plaintiffs,

vs.                     CASE NO.: 6:23-cv-1637-RBD-RMN

THE UNITED STATES SPECIALTY
SPORTS ASSOCIATION, INC.,
DONALD DEDONATIS, III,
RICHARD FORTUNA,
WENDY ANDERSON,
COURTNEY CEO, and
JACOB HORNBACHER,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFFS' SECOND AMENDED COMPLAINT**

    **COMES NOW** Defendants DONALD DEDONATIS, III, and JACOB HORNBACHER, by counsel, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), with this Motion to dismiss Plaintiffs' Amended Complaint. Plaintiffs' Racketeer Influenced and Corrupt Organizations Act ("RICO") claims, Witness Tampering, and Witness Retaliation, upon which this Court's subject matter jurisdiction solely relies, are fatally flawed as there is no lawful predicate act alleged, while all other counts also suffer from similar defects, requiring dismissal of this case. In further support, Messrs. DeDonatis and Hornbacher state as follows:

## I. Summary of Argument

The Second Amended Complaint (Doc. 155) suffers from the same deficiencies as Plaintiffs' prior complaints: The 78-page document is still a confusing shotgun pleading, violating the requirement Fed. R. Civ. Pro. 8 of "a short and plain statement of the claim." *Doscher v. Holding*, 2023 WL 6060559 *2 (11th Cir. 2023), citing, *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018)("Lengthy complaints that incorporate dozens of paragraphs of allegations into each count are neither short nor plain.").

Further, dismissal of Plaintiffs' Second Amended Complaint is proper for the following reasons:

1. RICO does not cover all instances of wrongdoing; rather, it is a unique cause of action concerned with eradicating organized, long-term, habitual criminal activity. *H & Q Properties, Inc. v. Doll*, 793 F.3d 852.

2. Plaintiffs' RICO claims, counts 1 and 2, fail because the allegations of harm stem from "unlawful terminations directly and proximately result[ing] from . . . 18 U.S.C. § 1512 [and] . . . 18 U.S.C. § 1513 . . . ." However, Plaintiffs failed to plead and provide facts to support the requirement to report the alleged activity to law enforcement pursuant to 18 U.S.C. § 1513(e). Further, Plaintiffs threatened to "***send over everything we have to date over to the national media, state of Florida gaming task force as well as DOJ/FBI task forces specific to this type of activity.***" *See* Second Amended Complaint at ¶86.

Mysteriously, the Plaintiffs reported the allegations to the media—not any law enforcement officers.[1]

3. Plaintiffs' RICO claims, counts 1 and 2, fail again because Plaintiffs' claims are predicated on alleged wrongful employment termination allegations under the cloak of improperly plead 18 U.S.C. § 1513(e) violation. Under the facts alleged in the Second Amended Complaint, this is insufficient to support the requisite direct injury or damage caused to Plaintiffs related to the alleged tortious activity. *Beck v. Prupis*, 529 U.S. 494, 507 (2000)(holding a person may not bring suit under 18 United States Code § 1964(c) predicated on a violation of 28 U.S.C. § 1962 for injuries caused by an overt act not an act of racketeering or otherwise unlawful under the statute.).

4. Plaintiffs' RICO claims, counts 1 and 2, fail again because Plaintiff did not establish whether the alleged twenty (20) predicated acts are an "open-ended pattern of racketeering activity" or "a closed-ended pattern of racketeering activity" and, therefore, fail to meet the "continuity" element for predicate acts under RICO. *First Capital Asset Management, Inc. v. Satinwood, Inc.*, 385 F.3d 159.

---

[1] On September 15, 2023, Plaintiff Wegman filed a formal report to the US Department of Labor's Occupational Safety and Health Administration. *See* Second Amended Complaint at ¶109. OSHA is not a law enforcement agency. In February 2023, Plaintiff Wegman reported information related to the alleged illegal activities of Defendants DeDonatis and Hornbacher, including violations of 18 U.S.C. §§ 1956 and 1957, to Defendant Anderson. *See* Second Amended Complaint at ¶109. She also is not a law enforcement officer.

5. Plaintiffs' count 3, Retaliation Against a Whistleblower Under the Anti-Money Laundering Act claim fails because Plaintiff did not report the alleged activity to a law enforcement officer. Further, voluminous evidence demonstrates that the Plaintiffs were terminated for performance issues, and the termination would have occurred regardless of the Whistleblower report.

6. Plaintiffs' count 4, Retaliation Against a Whistleblower Under the Taxpayer First Act claim, fails because Plaintiffs did not file a complaint with the Secretary of Labor within 180 days, as mandated by the statute of limitation in 26 U.S.C. § 7623(d)(B)(iv).

7. Further, dismissal of the RICO counts 1 and 2, including dismissal of Retaliation Against a Whistleblower Under the Anti-Money Laundering Act and Retaliation Against a Whistleblower Under the Taxpayer First Act, deprives this Court of subject matter jurisdiction, predicated upon 28 U.S.C. § 1331, flowing from the four (4) federal allegations. Because this case is at such an early stage, there would be no reasonable grounds for this Court to continue with supplemental jurisdiction.

8. Plaintiff Wegman's Defamation and Defamation Per Se claims fail because DeDonatis spoke truthfully about Plaintiff Wegman.

9. Plaintiffs' claims for retaliation under Florida Private Whistleblower Act, count 12 and Count 13, fail with respect to Messrs. DeDonatis and Hornbacher because they did not employ Plaintiffs and, thus, cannot be held individually liable. *Tracey-Meddoff v. J. Altman Hair & Beauty Centre, Inc.*, 899

So.2d 1167, 1169 (Fla. 4th DCA)(holding corporate officers are not be individually liable in private sector whistleblower action against corporation).

10. With the above established, dismissal of the Amended Complaint is proper.

## II.   Factual Background

This lawsuit arises out of Plaintiffs' employment with USSSA and their alleged wrongful termination. *See* Second Amended Complaint at ¶¶ 16, 18. In the Second Amended Complaint, Plaintiffs allege various misconduct and legal violations, including those under RICO. *See* Second Amended Complaint at ¶17. DeDonatis and Hornbacher assert these allegations are grossly exaggerated and part of a scandalous attempt to undermine the reputation and integrity of USSSA and Messrs. DeDonatis.

The Second Amended Complaint purports to paint a narrative of widespread corruption and unethical behavior within USSSA, focusing on alleged financial mismanagement and wrongful terminations aimed at stifling whistleblowing. *See* Second Amended Complaint at ¶20. Plaintiff again offer mere conclusions all Defendants participated in a RICO scheme by being active participants in illegal bookmaking and gambling, mail, and wire fraud, defrauding the Internal Revenue Service, possession of illegal drugs, and attempting to silence both Plaintiffs from exposing the activities lists. *See* Second Amended Complaint.

However, Plaintiffs have failed, again, to allege a claim that is redressable in this Court. These claims are crafted to create sensationalism and distract from Plaintiffs' lack of substantive evidence and proper termination for poor work performance. Plaintiffs second amended complaint again, asserts the same cause of action almost identical to the first two complaints filed, and ordered dismissed.

## III.  Plaintiffs' Claims Must Be Dismissed

### A.  Legal Standard to Dismiss

Messrs. DeDonatis and Hornbacher request this Court dismiss Plaintiffs' Second Amended Complaint for failure to state a claim upon which relief can be granted. For such a Motion, the question is not whether a plaintiff will ultimately prevail but whether the plaintiff has any possibility of prevailing as a matter of law, and therefore is entitled to offer evidence in support of his claims. *United States v. Aceto Agric. Chem. Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989).

In considering a motion to dismiss under Rule 12(b)(6), the court must assume all facts alleged by the complaining party are true. *Gross v. Weber*, 186 F.3d 1089, 1090 (8th Cir. 1999). The court also must liberally construe the complaining party's allegations in the light most favorable to the non-movant. *Id*.

In treating the factual allegations of a complaint as true pursuant to Rule 12(b)(6), the court must "reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997), *citing, In re Syntex Corp.*, 95 F.3d 922, 926 (9th Cir. 1996). As the United States Supreme Court and the United States Court of Appeals for the Eighth Circuit

have both observed, "a court should grant the motion and dismiss the action 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Handeen v. Lemaire*, 112 F.3d 1339, 1347 (8th Cir. 1997), *quoting, Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Federal Rule of Civil Procedure 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 327.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting, Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; see also, Iqbal, 556 U.S. at 678 (2009)(explaining Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Further, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, *quoting, Twombly*, 550 U.S. at 557 (alteration in original). A district court may "insist upon some specificity in [the] pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558 (quotation marks omitted).

B. **Standing for RICO**

Plaintiffs have failed to state a claim upon which relief can be granted as to each of the two RICO counts. To successfully plead a civil RICO claim, a plaintiff must allege: "(1) a violation of 18 U.S.C. § 1962; (2) injury to business or property; and (3) that the violation caused the injury." *Bill Buck Chevrolet, Inc. v. GTE Florida Inc.*, 54 F.Supp.2d 1127, 1132 (M.D. Fla. 1999); *see also, Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

As set forth in *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258 (1992), the issue of standing is determined by whether a direct relationship exists between the injury asserted and the injurious conduct alleged. *See Holmes*, 503 U.S. at 268-269 ("a plaintiff who complains of harm flowing merely from the misfortunes visited upon a third person by the defendant's acts, generally stands at too remote a distance to recover"); *see also, Spinale v. United States*, No. 03 Civ. 1704, 2004 WL 50873, at *15 (S.D.N.Y. Jan. 9, 2004)(finding a RICO plaintiff must demonstrate that a direct relationship exists between the RICO plaintiff's injury and the defendant's injurious conduct).

Here, Plaintiffs' must show the injury alleged was due to DeDonatis and Hornbacher's commission of a legally sufficient predicate act. For this, there is simply no substitute. *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 952 (8th Cir. 1999)("The class of persons who may sue under RICO is limited to those whose injuries were directly caused by RICO violations"); Prince

Heaton Enters., Inc. v. Buffalo's Franchise Concepts, Inc., 117 F. Supp. 2d 1357, 1363 (N.D. Ga. 2000).

The United States Supreme Court held in *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985), an actionable RICO injury must be caused by the predicate acts alleged, because the essence of a RICO claim is the commission of predicate acts within the conduct of an enterprise. *Sedima* at 497 ("[a]ny recoverable damages occurring by reason of a violation of section 1962(c) will flow from the commission of the predicate acts").

Therefore, simply alleging fraud, no matter how salacious, does not qualify as a predicate act under 18 U.S.C. § 1961. *LaVay Corp. v. Dominion Fed. Sav. & Loan*, 830 F.2d 522, 529 (4th Cir. 1987)(under no circumstances could a breach of fiduciary duty constitute a pattern of racketeering activity); *Ownby v. Cohen*, 19 F. Supp. 2d 558, 565 (W.D.Va. 1998)(breach of fiduciary duty is not among crimes recognized as racketeering).

Further, Plaintiffs' must also show they were the intended target of the RICO scheme. *W.L. Meng v. Schwartz*, 116 F. Supp. 2d 92, 95 (D.D.C. 2000)(finding within the context of RICO, a plaintiff must be the "intended target of the RICO violation"), *quoting, In re Am. Express*, 39 F.3d 395, 400 (2d Cir. 1994); *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 549 (S.D.N.Y. 2002)("[t]o have standing, plaintiffs must show that they were the 'intended targets' of the RICO violations").

Again, in this Second Amended complaint Plaintiff's fail to provide an iota of evidence to sipport the necessary elements for a RICO claim. Plaintiff's again lack any evidence to support their alleged termination was in any way related to the alleged defendant's injurious conduct. The Plaintiff's cannot even articulate a crime or action which would rise to a RICO level predicate act. Finally, Plaintiffs can not claim or show they were the intended targets of the alleged misconduct. In no way are any of the allegations stated in the complaint related to the Plaintiffs.

### C. No Standing for RICO

Plaintiffs assert "[t]heir unlawful terminations *directly and proximately* resulted from . . . [violations of ]18 U.S.C. § 1512 and . . . 18 U.S.C. § 1513. . .. Loss of employment or other business opportunities constitute an "injury to business or property."" *See* Second Amended Complaint at ¶ 33.

For a RICO claim based upon wrongful termination, there is only a single statutorily sufficient predicate act: violation of 18 U.S.C. § 1513(e). Prior to 2002, with the passage of the Sarbanes-Oxley Act, the federal courts routinely held terminated whistleblowers who claimed to have reported RICO predicate violations were without standing because wrongful termination is not a predicate act under RICO. *Beck v. Prupis*, 529 U.S. 494, (2000); *see also, Anderson v. Ayling*, 396 F.3d 265, 270 (3rd Cir. 2005). In *Beck*, a case arising from this Court's sister, the Southern District of Florida, the Eleventh Circuit Court of Appeals, and the Supreme Court found a wrongful termination claim insufficient to bring a suit under RICO. *Beck*, 529 U.S. at 505-506.

18 U.S.C. § 1513(e) only applies if Plaintiff reported to "a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offence." 18 U.S.C. § 1513(e). No such report to a law enforcement is alleged in the Amended Complaint.[2]

Plaintiffs do not and cannot show any binding rule or case law holding retaliatory discharge qualifies as witness tampering or obstructing of justice under § 1512. It is unclear what misconduct Plaintiff rely upon to support their § 1512 predicate other than hypothetical proceedings not yet brought. These do not involve retaliatory discharge or the alleged illegal conduct.

Plaintiffs contend they intended to report Defendants for the possible commission of federal crimes to a federal enforcement officer. However, the case law Plaintiff relies upon to support this allegation is *United States v. Veal*, 153 F.3d 1233, 1251 (11th Cir. 1998), which predates the Sarbanes-Oxley Act's addition of § 1513€. Plaintiffs then argue that the only requirement for § 1512 and § 1513 to apply is that Defendants "intended" to interfere with communications to federal law enforcement. This is a wholesale re-writing of the law for their own purposes to avoid the unambiguous statutory text. This Court is not permitted to rewrite what Congress has decided.

---

[2] Plaintiffs were fully aware of the need to plea this fact. CITE (our last MTD). Their failure to do so should speak loudly to the weakness of their case and inability to produce this mandatory evidence.

The Second Amended Complaint does not state any facts the Plaintiffs reported anything to federal law enforcement. Even if intent was present by Plaintiff to report the alleged illegal conduct to federal law enforcement, intent is not the standard. Plaintiffs had to have <u>*actually provided*</u> information to federal law enforcement. § 1513(e); *Squitiere v. Nocco*, 2021 WL 3709766, at *8 (M.D. Fla. Aug. 21, 2021)(dismissing RICO claim predicated on § 1513 (e) because plaintiff did not allege "he provided information to a 'law enforcement' as required and defined by the statute"); *Keppel v. Nocco*, 2021 WL 4391839, at *6 (M.D. Fla. Sept. 24, 2021). Section 1513 (e) is therefore an invalid predicate because Plaintiff did not state anywhere or offer any evidence, they reported the alleged illegal conduct to law enforcement.

Even if this failure was excused, Plaintiffs similarly do not plead any Defendant intended to interfere with federal law enforcement. Again, this is a mandatory requirement of the statute, for which Plaintiffs again are without excuse.

Additionally, the Sarbanes-Oxley Act, which added Section 1513 to RICO, applies only to public companies, not to non-profits. Public Law 107-204, 116 Stat, 745 ("An Act [t]o protect investors by improving the accuracy and reliability of corporate disclosures made pursuant to the securities laws, and for to the purposes." ; *Lawson v. FMR, LLC*, 571 U.S. 429, 432 (2104) ("To safeguard investors in public companies and restore trust in the financial markets following the collapse of Enron Corporation, Congress enacted [Sarbanes-Oxley].") Section

1513 €, which is part of the Act, is therefore inapplicable to this case. 116 Stat. 810. This court should reject Plaintiff's efforts to transform this case into a RICO action predicated on termination from a non-profit.

While Plaintiffs' Second Amended Complaint is slightly shorter and includes some graphs, it is still a shotgun pleading which appears to be written for the newspapers, not actually to be pled in court.

Furthermore, Plaintiffs' 78-page pleading fails to meet the Federal Rule of Civil Procedure 8(a)(2) standard of a "short and plain statement of the claim" for relief under either 18 U.S.C. § 1512 or § 1513 because there is no discussion of reporting any alleged crime to law enforcement. Yet again, Plaintiffs have failed to allege a harm "causing injury to plaintiff's business or property." 18 U.S.C. § 1961(1).

Therefore, Plaintiffs do not have the request standing to bring a RICO cause of action. For these reasons and the reasons stated above, counts 1-4 should be dismissed with prejudice.

D.     **Limited Number of Victims and No Pattern**

Even if wrongful termination did occur, the limited number of victims (two) does not support a "pattern of racketeering activity." A pattern of racketeering activity under [RICO] is not established merely by proving two predicate acts. *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 236 (1989); 18 U.S.C. §§ 1961(5), 1962. A successful civil RICO plaintiff must prove an enterprise engaged in "a pattern of racketeering activity," as demonstrated by at least two

predicate acts that are related to each other and suggest continuity (i.e., repeated conduct) which proximately caused plaintiff's damages. RICO, 18 U.S.C. § 1962(c); *see generally Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992)(holding plaintiff must prove defendant's racketeering activity was proximate cause of damages); *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 249, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)(discussing what constitutes "a pattern" under RICO); see also H.J. Inc., 492 U.S. at 253, 109 S.Ct. 2893 (Scalia, J., concurring). *Oginski v. Paragon Properties of Costa Rica, LLC*, 282 F.R.D. 672, 679–80 (S.D. Fla. 2012).

Further, the alleged predicate acts do not provide a path for redressing the civil personal injury harm alleged by Plaintiffs. Moreover, the lack of redress and the limited number of victims demonstrate Plaintiffs were not proximately harmed by the alleged activity, and the alleged activity was not widespread. Therefore, Plaintiffs do not have standing or a redressable harm under RICO.

    E.    **Second Amended Complaint Violates Rule 8**

The Amended Complaint is ***still*** nothing more than a shotgun pleading, a criminal indictment masquerading as a civil complaint. It remains a confusing, labyrinthine document, written in violation of Rule 8, which requires "a short and plain statement of the claim." *Jewelry Repair Enterprises, Inc. v. Son Le Enterprises, Inc.*, No. 9:15-CV-81622-BB, 2016 WL 557057, at *2 (S.D. Fla. Feb. 12, 2016)(further citation omitted); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)("Each count incorporates by references the allegations made in a

section entitled 'General Factual Allegations' … The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies."). "Lengthy complaints that incorporate dozens of paragraphs of allegations into each count are neither short nor plain." *Doscher v. Holding*, 2023 WL 6060559 *2 (11th Cir. 2023) (citing Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356 (11th Cir. 2018)). In *Yeyille v. Miami Dade County Public Schools*, the Eleventh Circuit found the plaintiff's third amended complaint including an eighty-five (85) paragraph fact section spanning thirty-one (31) pages was a shotgun pleading. *Yeyille v. Miami Dade County Public Schools*, 643 Fed.Appx. 882, 884 (11th Cir. 2016). The court noted much of the fact section was "written in narrative, diarylike form," and many of the facts were not obviously related to the plaintiff's claims. *Id.* Similarly, in the instant case, the Amended Complaint contains 179 paragraphs across seventy-eight (78) pages, inundated with conclusory allegations, many unrelated to Plaintiffs' claims. Despite Plaintiffs' removal of their incorporation of "all paragraphs above," Plaintiffs still contains dozens of scandalous and irrelevant allegations.

Specifically, the RICO allegations incorporate forty-six (46) pages, virtually none of which are pertinent and span 56 number paragraphs. Attempting to read such an engrossed and complicated pleading, the exact opposite of the requirements for a civil case—is impossible. This Court cannot countenance the continued and repeated substitution of a criminal indictment for a civil complaint

and deem it sufficient. Accordingly, it is clear the Second Amended Complaint is still an improper shotgun pleading and must be dismissed.

**F.     Defamation and Defamation Per Se Claims Fail**

Defamation is defined as the "unprivileged publication of false statements which naturally and proximately result in injury to another." *Wolfson v. Irk*, 273 So.2d 774, 776 (Fal. 4th DCA 1973).

In order to bring a claim for defamation if must be plead with sufficient facts the following elements: (1) publication; (2)falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; (5) the statement must be defamatory." Reed v. Chamblee, 2023 WL 6292578, at *8 (M.D. Fla. Sept. 27, 2023). Plaintiffs must satisfy a higher standard when claiming a defamation per se claim. This requires the Plaintiffs to allege Defendants: (1) published, (2) to a third party, (3) a false statement about the plaintiff, (4) that rises to the level of defamation per se." *Clowdus v. Am Airlines, Inc*, 2022 WL 18458134, at *3 (S.D. Fla. Oct. 12, 2022).

For an oral statement to be defamatory per se it would have to "imputes to another. . . a criminal offense amounting to a felony, or…conduct, characteristics, or a condition incompatible with e proper exercise of the lawful business, trade, profession, or office," *Campbell v. Jacksonville Kennel Club*, 66 So.2d 495, 497 (Fla.1953).

Plaintiff Wegman's only evidence is conclusory statements that Defendant DeDonatis spread false statements to a third party. However, Wegman offers no evidence as to what the statements were, how they were dispersed, or their validity. Instead, Wegman only offered conclusory allegations that DeDonatis' alleged statements were false. *Clowdus*, 2022 WL 1848134, at *3-4 (dismissing defamation per se claims because Plaintiff's allegations were not "substantially and materially false" and did not otherwise support a defamation per se claim).

Wegman makes vague and broad allegations, including that DeDonatis lied, told people he was unethical, and slept with an employee. These statements do not rise to the level of defamation or defamation per se. Furthermore, even if the allegations were true and these very broad statements were discussed, Wegman does not and cannot affirmatively allege that he did not sleep with an employee, lie, or act in an unethical manner.

As such, Wegman fails to plead any statement he vaguely references amounts to defamation or defamation per se. Therefore, counts 10 and 11 must be dismissed.

### G. Defendants DeDonatis and Hornbacher Request an Enlargement of Time to Respond to Counts 3 and 4

Due to the arguments contained within the complaint and this motion, it would be impractical for to respond to Counts 3 and 4 at this point in litigation before a ruling on this Motion. As such, it is respectfully requested this court to afford an extension of time to respond to Counts 3 and 4 of the Second Amended Complaint.

### H. Subject Matter Jurisdiction

This action involves RICO claims, Retaliation Against a Whistleblower Under the Anti-Money Laundering Act, and (3) Retaliation Against a Whistleblower Under the Taxpayer First Act arising under federal law and wrongful termination, contract, and whistleblower claims arising under Florida state law. 28 U.S.C. § 1367 (c) limits a district court's supplemental jurisdiction by allowing the court to decline to exercise supplemental jurisdiction over a state law claim if (in pertinent part), the district court has dismissed all claims over which it has original jurisdiction.

With the failure of (1) the RICO counts, (2) Retaliation Against a Whistleblower Under the Anti-Money Laundering Act, and (3) Retaliation Against a Whistleblower Under the Taxpayer First Act, this Court should decline to exercise supplemental jurisdiction over the state law claims because no federal question issues remain. This case becomes a run-of-the-mill employment law case with no special reason to be in federal court. Therefore, supplemental jurisdiction

under 28 U.S.C. § 1367(c) is inappropriate, and this Court should entirely dismiss the case.

WHEREFORE, Defendants DeDonatis, and Hornbacher respectfully request that this Court enter an order dismissing Counts I, II, III, IV, X, and XI of Plaintiffs' Second Amended Complaint, dismissing any remaining state claims for lack of subject matter jurisdiction, or, in the alternative, dismissing the state law claims for the grounds stated and granting any other relief in favor of Defendants DeDonatis and Hornbacher.


**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**BRIAN WEGMAN, and
THOMAS HORROM,**

    **Plaintiffs,**

**vs.**                                    **CASE NO.: 6:23-cv-1637-RBD-RMN**

**THE UNITED STATES SPECIALTY
SPORTS ASSOCIATION, INC.,
DONALD DEDONATIS, III,
RICHARD FORTUNA,
WENDY ANDERSON,
COURTNEY CEO, and
JACOB HORNBACHER,**

    **Defendants.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 1th day of May, a true and correct copy of the foregoing has been furnished by Eservice to: **Jon Allen May, Esq.**, **Ameer Gopalani, Esq.**, **Michael Volkov, Esq.**, Attorneys for Plaintiffs [jonmay.criminaldefense@gmail.com; agopalani@volkovlaqw.com; mvolkov@volkov@volkovlaw.com]; **Jillian Strasser, Esq.**, Attorney for Defendants Richard Fortuna, Wendy Anderson, and Courtney Ceo, [jillian.strasser@csklegal.com]; and, **Christopher George Oprison, Esq.**, Attorney for Defendant The USSSA, Inc. [chris.oprison@dlapiper.com].

        **LYDECKER, LLP**
        4350 West Cypress Street, Suite 910
        Tampa, FL 33607
        Telephone No.: (305) 416-3180
        Facsimile No.: (305) 416-3190
        *Counsel for Defendants,*

BY:    */s/ Victoria A. Arthington*
        E. TAYLOR GEORGE, ESQ.
        Florida Bar No.: 126725
        teg@lydecker.com

        VICTORIA A. ARTHINGTON, ESQ.
        Florida Bar No.: 1026136
        vaa@lydecker.com